

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. Eugene Tate
County Attorney
Hamilton County
Hamilton, Texas

Dear Sir:

Opinion No. O-1306
Re: Commissions cannot be collect-
ed under a void delinquent tax
contract; and an attempted as-
signment thereunder is inef-
fective; and such contract can-
not be ratified.

This is in answer to your letter in which you ask
whether or not Mr. W. F. Turner is entitled to commissions
for collecting delinquent taxes for Hamilton County between
February, 1939, and April, 1939.

Under the facts submitted to us, Hamilton County
as "First Party" and W. F. Turner and C. O. McMillan as
"Second Party" entered into a contract on February 25, 1939,
whereby "Second Party" was employed "to enforce by suit or
otherwise . . . the collection of all delinquent state and
county ad valorem taxes" in Hamilton County, and "Second
Party" agreed to "file and institute . . . suit for the
collection of said taxes". The said W. F. Turner was not
an attorney at law, not having been "admitted and licensed
to practice law"; but the said C. O. McMillan was licensed
as an attorney at law. The Attorney General of Texas re-
fused to approve said delinquent tax contract, and on June
22, 1939, in conference Opinion No. 3064 to the Comptroller
of Public Accounts he held that said contract was "illegal
and void, by virtue of the fact that a contract to do acts
constituting the practice of law by a person not licensed
to practice law is illegal (Art. 430a, P.C.), and the join-
der of a licensed attorney-at-law does not remove the il-
legality, because if part of the consideration of a con-
tract is illegal the whole contract is void since it cannot
be said how much of the obligation is based upon illegal
consideration". After said refusal on the part of the At-
torney General to approve said contract, said W. F. Turner,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

4

on April, 1939, executed "what he terms an assignment of all his rights and interest in the contract" to the said C. O. McMillan. The Commissioners' Court of Hamilton County approved this "so-called" assignment, and approved the contract as between Hamilton County and C. O. McMillan. The Attorney General and the Comptroller approved the contract as between Hamilton County and C. O. McMillan alone. Immediately after the first contract was entered into between Hamilton County as "First Party" and said W. F. Turner and C. O. McMillan as "Second Party", but before the Attorney General refused to approve the same, the said W. F. Turner did some work under the contract and collected some taxes. He now insists that he is entitled to compensation for his work, and should be paid the commissions provided for in the contract.

The only authority for counties entering into delinquent tax contracts is found in Articles 7335 and 7335a of Vernon's Annotated Revised Civil Statutes of Texas. Article 7335 reads as follows:

"Whenever the commissioners court of any county after thirty days written notice to the county attorney or district attorney to file delinquent tax suits and his failure to do so, shall deem it necessary or expedient, said court may contract with any competent attorney to enforce or assist in the enforcement of the collection of any delinquent State and county taxes for a per cent on the taxes, penalty and interest actually collected, and said court is further authorized to pay for an abstract of property assessed or unknown and unrendered from the taxes, interest and penalty to be collected on such lands, but all such payment and expenses shall be contingent upon the collection of such taxes, penalty and interest. It shall be the duty of the county attorney, or of the district attorney, where there is no county attorney, to actively assist any person with whom such contract is made, by filing and pushing to a speedy conclusion all suits for collection of delinquent taxes, under any contract made as herein above specified; provided that where any district or county attorney shall fail or refuse to file and prosecute such suits in good faith, he shall not be entitled to any fees therefrom, but such fees shall nevertheless be collected as a part of the costs of suit and applied on the payment of the compensation allowed the attorney prosecuting the suit, and the

attorney with whom such contract has been made is
hereby fully empowered and authorized to proceed
in such suits without the joinder and assistance
of said county or district attorneys."

Article 7335a reads as follows:

"No contract shall be made or entered into
by the Commissioners' Court in connection with
the collection of delinquent taxes where the
compensation under such contract is more than
fifteen per cent of the amount collected. Said
contract must be approved by both the Comptrol-
ler and the Attorney General of the State of
Texas, both as to substance and form. Provided
however the County or District Attorney shall
not receive any compensation for any services
he may render in connection with the performance
of the contract or the taxes collected thereun-
der."

We still hold to the opinion that the original
delinquent tax contract between Hamilton County as "First
Party" and W. F. Turner and C. O. McMillan as "Second Par-
ty" was void for the reasons stated in the Attorney Gener-
al's Conference Opinion No. 3064, dated June 22, 1939. We
are enclosing a copy of that opinion.

There is an additional reason why the original
delinquent tax contract was void, and that was because it
was not approved by the Comptroller and the Attorney Gen-
eral. In the case of Easterwood vs. Henderson County, 62
S.W. (2d) 65, the Commission of Appeals, speaking through
Presiding Judge Harvey, said:

"The contract involved in this contro-
versy is clearly one 'in connection with the
collection of delinquent taxes', and, since
same was not approved by the state comptrol-
ler and the Attorney General, it is void. As
already pointed out, the authority in the
commissioners' court to contract with respect
to collection of delinquent taxes proceeds
from the Legislature, and is subject to such
limitations as the Legislature sees fit to
prescribe. Nothing is to be found in the act
of 1931, which can be construed as dispensing
with the approval of the comptroller and the
Attorney General which is made a requirement

Honorable W. Eugene Tate, Page 4

by the other act. On the contrary, the act of 1931 expressly provides that same 'is not intended to change any law now in effect regarding the collection of delinquent taxes.' Section 4 (Vernon's Ann. Civ. St. art. 7264a, Section 4)."

In the case of Sylvan Sanders Company vs. Scurry County, 77 S.W. (2d) 709, the Court of Civil Appeals at Eastland, speaking through Chief Justice Hickman, said:

"The language of the act is clear and unambiguous, and, if a contract is properly designated as one made by the commissioners' court 'in connection with the collection of delinquent taxes,' the same is void unless it has the approval of both the designated state officials."

In view of the fact that the contract of February 25, 1939, to which W. F. Turner was a party, was void, it follows that he cannot recover for anything done under the contract. In the case of Seeligson vs. Lewis & Williams, 65 Tex. 215, 57 Am. Rep. 593, the Supreme Court of Texas, speaking through Associate Justice Stayton, said:

" . . . it is well settled, 'if any part of a consideration is illegal, the whole consideration is void, because public policy will not permit a party to enforce a promise which he has obtained by an illegal act or an illegal promise, although he may have connected with this act or promise another which is legal.' 1. Parsons on Contr., 457. It matters not whether the consideration is illegal because it consists of some act prohibited by statute or because it violates some rule of the common law."

In the case of Guyer vs. Prince, 106 S.W. (2d) 1091, by the Court of Civil Appeals at Amarillo, it was said:

"We . . . are of opinion that the contract of October 14, 1889, was void.'

"The contract, according to the undisputed testimony, tended to prevent the administration of justice, was contrary to public policy, unenforceable, and void.

"'An unlawful contract cannot form the basis of any enforceable legal or equitable rights, or impose any legal obligations upon the parties to it.

"'As a general rule a court will not aid in the enforcement of an illegal contract at the instance of any of the parties thereto where they are in pari delicto, but will leave the parties to the agreement where it finds them. * * *

"'Pursuant to the foregoing rule, the courts will not compel specific performance of an illegal contract, nor will it aid a party to recover possession of property to which he is entitled thereunder.' 10 Tex. Jur. p. 233, par. 136.

"The appellants were not entitled to recover on the contract disclosed by the testimony, hence, the court correctly directed a verdict against them . . ."

The "so-called" assignment by W. F. Turner conferred no rights on anyone, and had no force or effect. In the case of City of San Antonio vs. Rische (Ct. Civ. App.), 38 S.W. 388 (writ of error denied), it was said:

"The franchise intended being private, and therefore void, an assignment thereof by the grantees would not confer any right in the assignee, for no right had ever passed, and none could be created, by an assignment of an invalid grant."

The same holding has been made in many other cases, including White vs. Downs, 40 Tex. 225; and American Employers Ins. Co. vs. Roddy (Comm. App.) 51 S.W. (2d) 280.

The only way that C. O. McMillan acquired any rights is under the theory that a new contract was entered into in April, 1939, between Hamilton County and C. O. McMillan alone, which contract was approved by the Comptroller and Attorney General; and any rights acquired under or by virtue of the new contract did not begin until the new contract was entered into in April.

The acts of W. F. Turner in making the "so-called" assignment and of Hamilton County, and the Comptroller and

482

e Attorney General in approving the new contract in
ril does not amount to a ratification of the original
ntract made in February, to which W. F. Turner was a
rty, because the original contract was void and could
t be ratified. In 10 Tex. Jur. 260, it is said:

> "The effect of illegality of a contract
> cannot be waived by the parties, and nothing
> that they may do can give it validity. So an
> illegal contract cannot be ratified by either
> party."

It is our opinion that W. F. Turner is not en-
tled to any commissions for taxes collected during the
me and under the circumstances you ask about in your let-
 r.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Cecil C. Rotsch
Assistant

R:FG

APPROVEDDEC 23, 1939

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY